Filed 12/7/21  P. v. Ibarra CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076985 |
| v. | (Super.Ct.No. RIF130045) |
| CRUZ A. IBARRA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Cynthia Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

**FACTUAL AND PROCEDURAL HISTORY**

On January 3, 2007, an information charged defendant and appellant Cruz A. Ibarra with two counts of premeditated and deliberate attempted murder under Penal Code[1] sections 664 and 187 (counts 1 and 2), and two counts of assault with a firearm under section 245, subdivision (a)(2) (counts 3 and 4). As to counts 1 and 2, the information also alleged that defendant personally and intentionally discharged a firearm under sections 12022.53, subdivision (c), and 1192.7, subdivision (c)(8). As to counts 3 and 4, the information further allege that defendant personally used a firearm, to wit, a handgun, within the meaning of sections 12022.5, subdivision (a), and 1192.7, subdivision (c)(8).

On April 30. 2008, a jury found defendant guilty of counts 1, 3, and 4. The jury also found the firearm enhancements attached to those counts to be true. The jury found defendant not guilty of count 2.

On June 27, 2008, the trial court sentenced defendant as follows: (1) seven years to life on count 1, plus 20 years for the firearm enhancement; (2) three years for count 3, plus four years for the firearm enhancement, stayed under section 654; and (3) three years on count 4, plus four years for the enhancement, to run consecutive to count 1.

Defendant appealed and we affirmed the judgment in an unpublished opinion. (*People v. Ibarra* (July 17, 2009, E046112) [nonpub.].)

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

On February 24, 2021, the California Department of Corrections and Rehabilitation, Division of Adult Institutions Legal Processing Unit (CDCR) sent a letter to the trial court noting the following errors in defendant's sentencing order:

"The Determinate Abstract of Judgment reflects Count 1, PC664/187(a)* 1st Attempted Murder, with the term of 7 years imposed. The Minute Order reflects Count 1 with the indeterminate term of 7 years to Life imposed. The sentence for this attempted offense is an indeterminate term of **Life with the Possibility of Parole (7 years to Life).** May the court please be advised indeterminate terms should be reflected on an Indeterminate Abstract of Judgment.

"In addition, the Determinate Abstract of Judgment (Section 8) and the Minute Order reflect the total term as a determinate term of 34 years imposed. The sum of all consecutive terms is **Life with the Possibility of Parole plus 27 years.**"

On March 29, 2021, defendant wrote a letter to the trial court requesting that the court do the following pursuant to the CDCR letter:

1. Postpone the resentencing hearing until July 2021 so defendant could complete his college classes.

2. Allow defendant to appeal via video so his "college classes and self-help groups are not interrupted," citing his right to be present at the hearing under section 977, subdivision (b).

3. Order "a new probation report in accordance with *People v. Brady* (1984) 162 Cal.App.3rd 1, 7 . . . as well as a *Franklin* hearing" under *People v. Franklin* (2016)

63 Cal.4th 261 [remand to give defendant an opportunity to make a sufficient record of information relevant to the youth offender parole hearing].[2]

4. Follow the resentencing rule described in *People v. Buycks* (2018) 5 Cal.5th 857, 893-904.

5. Allow defendant "to take advantage of any ameliorative changes in the law such as Senate Bill No. 620 (SB 620). As well as any other changes of law that may apply."

6. Consider defendant's "post-sentencing conduct to determine whether to strike the firearm enhancements" or impose "a lower term 'in the interests of justice'" and make "any adjustments to credits."

The court held a hearing on April 22, 2021. At the hearing, when the court asked whether the hearing should be continued so defendant could be present, defense counsel stated: "Well, I don't think it's a resentencing issue." The "problem with the case was" that "everything was put on a determinate abstract." Counsel went on to state that there should have been both a determinate and indeterminate abstract of judgment. "The sentence doesn't change." The court agreed and ordered "that two new abstracts of judgment be prepared" to reflect the sentence that was originally imposed. Defendant did not have a right to be present because it was "purely a correction of the abstract" and "no resentencing" occurred.

On April 30, 2021, defendant filed a notice of appeal.

---

[2] Defendant was 28 years old at the time of the underlying crimes.

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issues to assist the court in its search of the record for error:

(1)     "Did The Court Err By Construing The CDC[R] Letter As A Request To Correct Clerical Errors?"

(2)     "Did The Court Err By Not Considering Whether To Exercise Its Discretion To Strike Or Dismiss The Firearm Use Enhancements?"

(3)     "Did The Court Err By Not Continuing The Hearing So [Defendant] Could Be Present?"

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Id.* at p. 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

RAMIREZ _____

P. J.

CODRINGTON _____

J.